## EMPIRE STATE SURETY COMPANY v. W. A. CAMERON and Another.[1]

February 4, 1910.

Nos. 16,423—(218).

**Insurance Premium — Findings.**

> The findings of fact in favor of the plaintiff in this an action for the recovery of the premium for a liability policy, which the defendants claimed had been canceled, are sustained by the evidence.

Action in the district court for Hennepin county to recover $550 alleged to be due upon an employer's liability insurance policy. The case was tried before Holt, J., who made findings and as conclusion of law found that plaintiff was entitled to judgment in the sum of $353.57. From an order denying defendants' motion for a new trial, they appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellants.

*M. H. Boutelle, N. H. Chase,* and *R. T. Boardman,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover an alleged balance due from the defendants to the plaintiff for the premium on its liability policy to the defendants. The here material allegations of the complaint were to the effect that the plaintiff, on April 20, 1907, issued to the defendants,

[1]Reported in 124 N. W. 442.

at their request, its policy (7,332), whereby it undertook to indemnify them against loss from liability on account of the accidental injury ·or death of any of their employees during one year from the day named, and that there was due to the plaintiff for premium on the policy $550. The answer admitted the execution of the policy and the amount of the premium agreed to be paid therefor, and as a defense alleged a cancellation of the policy, a settlement and accounting, and a release of the defendants from the payment of the premium. It also alleged, by way of inducement, facts tending to show a justification for the alleged cancellation, and a consideration for the alleged settlement and release. The reply put in issue the new matter alleged in the answer.

The cause was tried by the court without a jury, and findings of fact made to the effect following: On April 20, 1907, plaintiff, at the request of the defendants, issued its policy of insurance No. 7,332, as alleged in the complaint, except that said policy insured the defendants against loss from injuries to the following employees only, viz.: "Masons in or on buildings, carpenters." That the defendants accepted the policy without examining the same, and did not know that it did not contain the same language as a policy No. 6,743, which the plaintiff had issued to the defendants for the year previous to April 20, 1907. Policy No. 7,332 was never canceled by mutual consent, or otherwise, although the defendants stated that they intended to cancel the same about August 26, 1907, when a workman, Eugene Skahill, was injured and the plaintiff denied liability upon the ground that said employee of the defendants was injured by another of their employees who was not a mason or carpenter. That there has never been an accounting or settlement ·made between the parties hereto as alleged in the answer, or at all, and that there is now due as premium on the policy of insurance from defendants to plaintiff the sum of $353.57, and interest since April 20, 1908. Save as herein found, and save as admitted by the pleadings, the allegations therein contained are not proven. As a conclusion of law, judgment was ordered for the amount found due to the plaintiff. The defendants .appealed from an order denying their motion for a new trial.

The assignments of error raise the question of the sufficiency of the evidence to sustain the findings of fact and challenge the conclusion of law as not justified by the facts found. It is quite obvious that if the facts found are sustained by the evidence the conclusion is correct. The pivotal question is whether the finding, that the policy was not canceled and that there was no settlement and release of the unpaid premium, is sustained by the evidence. We find, upon a consideration of the record, that there is but little actual conflict in the evidence, but the inferences, drawn therefrom by respective counsel in their briefs, are radically conflicting. We have attentively considered the evidence, and have reached the conclusion that the findings of fact of the trial court, which are essential to the support of its conclusion of law, are fairly sustained by the evidence.

Order affirmed.

O'BRIEN, J., took no part.